UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1949

AMERICAN POLICYHOLDERS INSURANCE COMPANY,
Plaintiff, Appellant,

v.

NYACOL PRODUCTS, INC., ET AL.,
Defendants, Appellees.

Before

Selya, Circuit Judge,

Coffin, Senior Circuit Judge,

and Stahl, Circuit Judge.

ORDER OF THE COURT

Entered: April 28, 1993

The petition for rehearing with suggestion for rehearing en
banc filed by appellee Belaga is, under this court's internal
operating procedures, considered both by the panel and by the
full court. Panel rehearing is hereby denied for the following

reasons.

First, a party may not raise new and additional matters for
the first time in a petition for rehearing. See Kale v. Combined

Ins. Co., 924 F.2d 1161, 1169 (1st Cir.), cert. denied, 112 S.

Ct. 69 (1991); Anderson v. Beatrice Foods Co., 900 F.2d 388, 397

(1st Cir.), 111 S. Ct. 233 (1990). That rule has particular
pertinence here because, following oral argument, the panel
invited supplemental briefing on the specific question of federal
court removal jurisdiction in light of International Primate

Protection League v. Administrators of Tulane Educ. Fund, 111 S.

Ct. 1700 (1991). Appellee's response at the time was a
perfunctory one; none of the arguments raised in her rehearing
petition were alluded to in her supplemental brief, even in
passing. We will not revisit specific issues merely because an
adverse result has infused new vigor into a discontented party's
advocacy.

Second, even if we were to consider them, appellee's
substantive arguments in no way undermine the force of the panel
opinion. Only one such argument merits additional comment. The

cynosure of Belaga's petition is her newly emergent contention
that the panel's treatment of Primate Protection League is

insupportable because, she maintains, suits against officers in
their official capacities are not equivalent to suits against the
agency. Relying primarily on Kozera v. Spirito, 723 F.2d 1003

(1st Cir. 1983), a pre-Primate Protection League case discussing

what is loosely termed an "exception[] to the doctrine of
sovereign immunity . . . in injunctive suits against federal
officials," id. at 1008 (applying Larson v. Domestic & Foreign

Commerce Corp., 337 U.S. 682, 689-90 (1949)), Belaga disputes the

statement that "no issues of immunity can possibly arise [in
official-capacity suits] that differ from those arising in a suit
directly against the agency." Ante at [Panel Op. at 9].

Belaga's reliance on Larson and its progeny, such as Kozera, is

misplaced.

Whatever consequences the Larson exception may portend in a

proper case, it has no applicability here. Larson comes into

play when either (1) a federal officer acts in excess of his or
her statutory authority, or (2) the statute conferring power upon
the officer is unconstitutional, see Kozera, 723 F.2d at 1008;

see also Larson, 337 U.S. at 689-90. The basis for the exception

is clear; where the Larson criteria are met, "the conduct against

which specific relief is sought is beyond the officer's powers
and is, therefore, not the conduct of the sovereign." Larson,

337 U.S. at 690; where the criteria are not met, however, an
official-capacity "suit is barred, not because it is a suit
against an officer of the Government, but because it is, in
substance, a suit against the Government over which the court, in
the absence of consent, has no jurisdiction." Id. at 688.

Clearly, then, the Larson exception concerns the doctrine of

governmental, not official, immunity. Where relief would not be
obtainable against the agency, as such, because of sovereign
immunity, the exception nevertheless enables a plaintiff to
obtain specific relief when an officer is named and the case's

underlying merits satisfy one of the two conditions described
above. See id. at 689-90. Viewed in this manner as a way

around the sovereign immunity of agencies Larson erects no

shield for protecting individual officers from the impact of
lawsuits and, indeed, enunciates no rule bearing thereon.

This is all distant from the jurisdictional issue on which
the instant case turns. The functional purpose of the officer
removal statute, as expressed in Primate Protection League, is to

guarantee the availability of a federal forum for the resolution
of complicated questions of immunity, see 111 S. Ct. at 1708, not

to guarantee such a forum for litigation of the underlying merits
of every suit against a government actor. When a case, like this
one, poses no special questions of immunity as the federal
officer/defendant was sued purely in her representative capacity,
the defendant must be content with the plaintiff's choice of a
state judicial forum to resolve a state-law claim. Belaga points
to nothing that can affect her, personally, in any way that would
differ from how the agency would be affected, and, as we have

made clear, ante at , [Panel Op. at 4, 9], the complaint

in this case seeks relief against the sovereign, not against
Belaga personally.

We add one final observation. To a large extent, Belaga's
belated reference to Larson stirs a tempest in a teapot.

Whenever a complaint raises a federal question, which will almost
always be the case when Larson applies, removal is allowed under

28 U.S.C. 1331. Our decision that official-capacity suits are
not removable as such under 28 U.S.C. 1442(a)(1) will only
affect those cases in which an officer is sued in his or her
official capacity by a plaintiff whose complaint raises only
issues of state law. This case is prototypical of that genre.

The petition for panel rehearing is denied.